WRIGHT *v.* THIRD AVE. RY. CO.

*(Supreme Court, General Term, First Department.  May 24, 1889.)*

1. STREET RAILROADS—INJURIES TO PERSONS ON TRACK—INSTRUCTIONS.
   In an action against a cable railroad company for negligently killing plaintiff's intestate, a charge that if the jury believe that the gripman was looking back, that the accident would not have occurred had he been looking forward, and that this inattention was the proximate cause of the accident, then defendant is liable, is erroneous, as overlooking the question of the contributory negligence of deceased.

·2. SAME.
   It is also error to charge that, "if the jury find that the car was driven    *    *    * at a rate of speed that was dangerous owing to obstructions in the street, and that the defendants failed to give any warning of the approach of the car,    *    *    *    and .that by reason thereof the accident happened, and would not otherwise have oc-

curred, then the defendants are liable,"as the question should have been submitted. to the jury whether, under all the circumstances of the case, the car was managed with reasonable care.

3. SAME.

A charge that it was the duty of the gripman to keep a strict lookout forward. for obstructions or objects which might come upon the track is also erroneous, as it is a question for the jury to determine whether, in the absence of such a strict lookout, the car was managed with proper care.

Appeal from circuit court.

Action by William S. Wright as administrator, etc., of Florence M. Wright, deceased, against the Third Avenue Railway Company, to recover damages for the negligent killing of plaintiff's intestate. Defendant appeals from a judgment entered on verdict for plaintiff, and order denying its motion for a new trial.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ.

*William N. Cohen,* for appellant.  *A. Furber,* for respondent.

VAN BRUNT, P. J.  This action was brought to recover damages from the defendant for its alleged negligence in having caused the death of one Florence M. Wright, of whom the plaintiff had been appointed administrator. The defendant operated a line of cable cars on One Hundred and Twenty-Fifth street, crossing Fifth avenue. On the north side of One Hundred and Twenty-Fifth street, beginning about 125 feet west of Fifth avenue, a building belonging to the Young Men's Christian Association was at the time of the happening of the accident in process of erection, with a frontage of 50 feet on One Hundred and Twenty-Fifth street. For the purposes of cellar excavation a bridge had been constructed lengthwise over the sidewalk along the whole front of the building, and extending several feet beyond on either side at an elevation of about five feet above the level of the sidewalk, and. descending at either end by steps. This bridge was inclosed on each side to the height of about four feet, except a narrow space in the middle, which was. left open for a plank walk about three feet wide, extending from the bridge down to the street. There is some conflict of evidence as to how close to the defendant's track this plank walk came. Out in the street, and between the platform and the car tracks, was placed material of various kinds, and on the east side of the plank walk a pile of bricks eight or ten feet high, and extending almost to the tracks. The deceased appears to have been running down this plank walk at the same time that one of the defendant's cars was passing along One Hundred and Twenty-Fifth street towards Sixth avenue. The car, a large cable car, about 40 feet in length, passed this construction at the full speed of the cable,—between six and seven miles an hour,—and the child appears to have run down the platform and been carried out into the street in front of the car, which ran over and killed her. There was some dispute as to whether any warning whatever was given of the approach of the car by ringing a bell or otherwise. It was also claimed on the part of the plaintiff that the gripman was not looking forward in the direction he was going, but was looking backward, and failed to observe the child. There was also evidence of a witness who testified that, seeing the car approaching, he screamed to the gripman to stop, but he failed to hear or give any attention, and the car passed on and ran over the child. There was also evidence that the car could have been stopped within 10 feet, but that the child was taken out a. number of feet from where she was struck. The question of negligence upon the part of the defendant and want of contributory negligence upon the part of the child were submitted to the jury, who rendered a verdict in favor of the. plaintiff, and from the judgment thereupon entered this appeal is taken.

The principal ground urged upon this appeal is error in the instructions which were given to the jury. And in the giving of these instructions it would seem that the court charged, at the request of the plaintiff, certain

propositions which cannot be sustained. The first proposition is that "if the jury believe that the gripman was looking back, and that the accident would not have occurred had he been looking forward in the direction that he was going, and that this inattention was the proximate cause of the accident, then the defendant is liable." In this proposition is utterly ignored the question as to the contributory negligence of the deceased. The jury were virtually instructed that if the inattention of the gripman was the proximate cause of the accident, then that the defendant was liable, no matter how much the deceased may have been guilty of negligence contributing to the happening of the accident. This proposition was clearly going too far, and took away from the consideration of the jury one of the elements essential to the success of the plaintiff's case. Another proposition was to the effect that, "if the jury should find that the car was driven up to and past the place where the accident occurred, at a rate of speed that was dangerous, owing to obstructions in the street, and that the defendants failed to give any warning of the approach of the car by ringing the bell or otherwise, and that by reason thereof the accident happened, and would not otherwise have occurred, then the defendants are liable." It has long been a well-settled rule of law that the absence of any particular precaution in the running or management of a railroad, not required by law, is not necessarily negligence of itself. All that the corporation is required to do in the operation of its road is to use reasonable care in the management thereof; and whether the absence of a particular precaution constitutes negligence necessarily depends upon all the facts of the case. In the case of *McGrath* v. *Railroad Co.*, 63 N. Y. 522, it was held error for the judge to charge that it was the duty of the company to remove obstructions near its road obstructing the observation of travelers at a crossing; also that it was error to instruct the jury that it was the duty of the defendant to keep a flagman at the crossing, or to submit to the jury the question whether it was the duty of the defendant to keep a flagman there or not, although evidence on both of these subjects might have been competent to be received for the jury to determine under all the facts of the case whether the company had operated its trains with a proper degree of care. As the court say: "In the absence of flagmen, railroad companies may, in the exercise of proper care, be required to run their trains slower or to take other precautions to protect travelers, the question in all cases being, not whether it was their duty to do any of the collateral things to warn travelers, but whether under all the circumstances of the case it run and managed its trains with the requisite care and prudence." So in the case at bar the question to have been submitted to the jury was whether, under all the circumstances of the case, the defendant managed its car with reasonable care and prudence; and it was error, therefore, to charge as matter of law that the absence of a particular precaution made it negligent. It is undoubtedly true that where the law imposes the duty upon railroad companies of doing certain things at certain times an omission of that duty, if the jury found that it contributed in any way to the accident, would make the defendant liable, no matter how careful it had been. Such effect is given to the omission of duties because the law imposes the duty, and enacts the consequences of its omission. But under the charge at bar the jury is put in the place of the legislature, and its decision as to the duty has the force of statute law. Hence such a charge has properly been condemned by the courts of this state. The whole duty of the railroad company to travelers was to run and manage its cars with proper care, so as not to injure them in the exercise of their lawful rights, and upon this question the jury must consider all the circumstances existing at the time and place of the accident, and among them they have a right to consider the absence of precautions in respect to which evidence may have been given. This error seems to have permeated many of the requests made by the counsel for the plaintiffs and charged by the court; as, for ex-

ample, that it was the duty of the gripman to keep a strict lookout forward for obstructions or objects which might come upon the track. It was a question for the jury to determine whether, in the absence of such a strict lookout, the car of the defendant had been managed with proper care, so as not to injure travelers upon the highway in the exercise of their legal rights. It does not seem to be necessary to consider the other questions involved in this case, because the learned court has failed to distinguish between the rights of the jury in drawing deductions and the right of the court to instruct them as to what constitutes negligence upon the part of the corporation in the management of its cars. This case is only another example of the unfortunate eagerness upon the part of counsel to procure instructions from the court to the jury, which the court, in the heat of the trial, has not the time to properly analyze and consider, and which necessarily results in a taking away from the successful party the whole of the fruits proceeding from the verdict of the jury. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; BARTLETT, J., in the result.